CHASE RAND CORPORATION v.
CENTRAL INS. CO. OF
BALTIMORE.

No. 153.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1945.

Rothstein & Korzenik, of New York City (Martin M. Kolbrener, of New York City, of counsel), for plaintiff.

Kaufman & Cronan, of New York City (George Trosk, Jesse Climenko, and Milton Adler, all of New York City, of counsel), for defendant.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The policy insured plaintiff against any loss to described jewelry "arising from any cause whatsoever, except as hereinafter mentioned." Among the exceptions was

**964**

loss "from theft, conversion or other act or omission of a dishonest character" of an employee of a person to whom the property had been entrusted. Plaintiff duly filed with defendant a proof of loss stating that plaintiff had been informed that the loss of the insured jewelry occurred when an employee of plaintiff's consignee was assaulted on a Texas highway. Plaintiff's complaint similarly alleged. After a pre-trial conference, plaintiff, more than three months before the trial, notified defendant that plaintiff at the trial intended to rest after proving delivery of the jewelry to the consignee and the latter's failure to return the jewelry. At the trial, plaintiff made such proof. The trial judge granted a motion at the trial amending the pleading to conform to the proof.

The statements as to plaintiff's information about the theft from the consignee's employee in the complaint were surplusage. The burden of proving that the loss came within the exception rested on defendant. Agricultural Insurance Co. v. Rothblum, 147 Misc. 865, 265 N.Y.S. 7. The trial judge, because he was unable to determine from the evidence whether or not such a theft occurred, found that defendant had not borne this burden. The trial judge saw and heard the witnesses. We cannot possibly say that his finding was "clearly erroneous." Nor can we agree with defendant's argument that, in the circumstances, there was a variance between plaintiff's pleadings and the proof at the trial.

Affirmed.