**ATLANTIC LINES LIMITED,
Plaintiff-Appellant,**

v.

**AMERICAN MOTORISTS INSURANCE
COMPANY, Defendant-Appellee.**

**No. 27, Docket 76–7086.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1976.

Decided Dec. 13, 1976.

---

Edwin Longcope, New York City (Hill, Betts & Nash, Allan J. Berdon, John P. Love, New York City, of counsel), for plaintiff-appellant.

Robert J. Giuffra, New York City (Dougherty, Ryan, Mahoney, Pellegrino & Giuffra, New York City, of counsel), for defendant-appellee.

\* Of the United States District Court for the Southern District of New York, sitting by designation.

1. One of the missing chassis was subsequently found, abandoned and stripped, in a vacant lot

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge.\*

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from a decision and order of the United States District Court for the Southern District of New York denying recovery to plaintiff under a Container and Chassis Policy issued by defendant. The facts, which were introduced by stipulation, are uncomplicated. Beginning in April 1971, appellant leased approximately 700 pieces of equipment, including containers and chassis, for use on ships which it operated out of New York City. Upon termination of appellant's liner service in October 1972, pier personnel discovered the loss of 2 containers and 7 chassis which are the subject of this suit. Appellant maintained a perpetual inventory control of all its equipment; and, according to its records, each of the missing chattels was in the custody and control of the pier at the time the loss was discovered. Tracers sent to appellant's agents and the carriers with whom it dealt failed to uncover any of the lost items.[1]

 The policy issued by appellee insured for "physical loss or damage to the property insured from any external cause", except for certain exclusions which are not pertinent to the issues herein, and was correctly construed by the District Judge to be an "all risks" policy. The District Judge was also correct in holding that, for recovery under an all risks policy, an insured need demonstrate only that a fortuitous loss has occurred. *Redna Marine Corp. v. Poland*, 46 F.R.D. 81, 86 (S.D.N.Y.1969). However, he then held that "a party normally demonstrates that a loss was fortuitous by proving the cause of its absence" and denied Atlantic recovery because of its inability to establish the cause of the loss. We conclude that this was error.

in New Jersey, and appellant seeks recovery only for its depreciated value. Another was subsequently returned, stripped of its valuable parts, and appellant seeks only the cost of repairs.

In construing the language of a contract, such as a policy of insurance, the standard is what a normally constituted person would have understood it to mean in its actual setting. *New York Trust Co. v. Island Oil & Transport Corp.*, 34 F.2d 655, 656 (2d Cir. 1929); *Ocean Accident & Guarantee Corp. v. Penick & Ford, Ltd.*, 101 F.2d 493, 497 (8th Cir. 1939). We cannot believe that the average insured would not equate a mysterious disappearance with a fortuitous loss and would not believe that this was a risk or hazard against which he had insured when he purchased all risk insurance. "Indeed, it would appear that all risk insurance arose for the very purpose of protecting the insured in those cases where difficulties of logical explanation or some mystery surrounded the disappearance of property." *Betty v. Liverpool & London & Globe Ins. Co.*, 310 F.2d 308, 311 (4th Cir. 1962).

It is generally held, therefore, that where goods have mysteriously disappeared, all that an all risk insured need show is that the loss occurred, *Balogh v. Jewelers Mutual Ins. Co.*, 167 F.Supp. 763, 769 (S.D.Fla.1958), aff'd, 272 F.2d 889 (5th Cir. 1959), or furnish the insurer with such explanation as it has in good faith received concerning the cause of the loss. *Chase Rand Corp. v. Central Ins. Co.*, 63 F.Supp. 626, 629 (S.D.N.Y.), aff'd, 152 F.2d 963 (2d Cir. 1945).[2] Carriers which do not wish to insure against this broad risk customarily incorporate an exclusionary clause in their policies exempting from coverage "unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory". *See, e. g., Balogh v. Jewelers Mutual Ins. Co.*, supra, 167 F.Supp. at 770; *Miller v. Boston Ins. Co.*, 420 Pa. 566, 218 A.2d 275 (Sup.Ct.1966); *Advance Piece Dye Works v. Traveler's Indemnity Co.*, 64 N.J.Super. 405, 166 A.2d 173 (App.Div.1960). There was, of course, no such exception in Atlantic's policy. The District Court having found that appellant's equipment had mysteriously disappeared, appellant was entitled to recover under its policy.

The judgment appealed from is reversed and the matter is remanded to the District Court for entry of judgment in favor of the plaintiff in such amount as the District Court shall find warranted by the proof.

---

2. *Northwestern Mutual Life Ins. Co. v. Linard*, 498 F.2d 556 (2d Cir. 1974), relied upon by the District Court, is not authority to the contrary, because it involved neither an all risk policy nor the mysterious disappearance of property.