(February 6, 1979)

■ VAN DUTCH PRODUCTS CORP., Appellant, v ZURICH INSURANCE COMPANY, Respondent.—Order, Supreme Court, Bronx County, entered March

23, 1977, unanimously reversed, on the law, and defendant-respondent's motion for summary judgment dismissing the complaint denied, with $75 costs and disbursements payable to appellant. Plaintiff-appellant, a manufacturer of dessert preparations, ascertained that it had sustained a substantial loss of its supply of sugar. After rejection of its demand for reimbursement, plaintiff sued defendant carrier under its policy. Defendant's position was based on an exclusion in the policy: "This policy does not insure against: * * * any unexplained loss, mysterious disappearance, or loss or shortage disclosed in taking inventory". Citing this clause, defendant interposed three affirmative defenses in its answer and, after examination of plaintiff's employees, moved for summary judgment dismissing the complaint. Special Term granted the motion, stating that "the proof presented by plaintiff indicates a mysterious and unexplained disappearance falling within" the exclusionary clause. We do not agree. The evidence given by plaintiff's employees at the examination, as pertinent to this motion, describes a series of circumstances concerning the sugar's disappearance which, if accepted by triers of the fact, might well lead to the inference that a burglary or series of burglaries involving larceny of the sugar had occurred. Plaintiff's superintendent discovered in July, 1974 that a ground floor window had been broken. As was his sole duty, he removed the debris, cleaned the metal sash, inserted new glass with wire studs, and sealed it with metal sash putty. About two months later, the head mixer at the plant reported that he had less than the expected number of bags of sugar on hand, when calculated against the number supposed to have been used the day previous. Very close controls of quantity were in force and meticulous records kept because the plant, having a number of government contracts, was continually under inspection addressed to adherence to the formula of the particular preparation being manufactured. This factor alone sufficiently distingushes this case from a case cited by defendant, *Henry Heide, Inc. v Atlantic Mut. Ins. Co.* (80 Misc 2d 485), in which the sugar which was missing had never been in that plaintiff's possession and there were no facts supplying an explanation. That disappearance was characterized as mysterious. And it does comport with the case cited by Special Term here, *Dunlop Tire and Rubber Corp. v Fidelity & Deposit Co. of Maryland* (479 F2d 1243), which explained the rationale of such an exclusionary clause as protective of insurers against claims based on erroneous or falsified inventories. The mixer's report triggered an immediate investigation, soon joined by police. The superintendent discovered that the window glass he had installed had been tampered with by some unknown person. It had been removed, together with the studs, and replaced, without the studs, and ordinary nonhardening wood putty substituted for the metal putty on three sides of the glass only on the interior, with none on the outside, all of which would permit inconspicuous and easy removal and replacement. The window was so located and of a size that a small person could have squeezed through so as to permit access to a door or a larger window, both at that time being capable of being unlocked from the inside, through which the bags of sugar could have been taken. The superintendent and police theorized that the window had been broken deliberately to bring about its replacement by him so that the fresh putty he would use for the repair would permit the substitution found on later inspection. The words in the exclusionary clause referring to inventory are not a magic abracadabra, followed as of course by exclusion of the claim. The inventory verified the fact and disclosed the amount of the loss; its possible—or probable, depending on what inference is drawn—cause derives from the other evidence related above. The words

respecting inventory are given meaning by the associated words "unexplained" and "mysterious." In the light of the other evidence, the apparent mystery is explained, and we find a question of fact, sufficient to defeat summary judgment and not to be decided at Special Term. *(Phillips v Kantor & Co.,* 31 NY2d 307.) Concur—Murphy, P. J., Kaufman, Birns, Markewich and Lupiano, JJ.