CITIBANK, N. A., Appellant, v SOLOMON DUTKA et al., Respondents.— Order, Supreme Court, New York County, entered June 8, 1979, which

denied plaintiff's motion for summary judgment against both defendants, modified, on the law, by granting partial summary judgment in the sum of $8,833.81 against defendant Sylvia Dutka, and, as modified, affirmed, without costs. Upon plaintiff Citibank's motion for summary judgment, the defendants' version of the facts must be accepted with respect to all points in dispute. *(Cannon v Pfleider,* 19 AD2d 625.) With this rule in view, the record will be examined to determine whether the existence of any factual issues precludes an award of summary judgment to plaintiff. Defendants Solomon and Sylvia Dutka signed a checking plus credit agreement with the plaintiff. Under this agreement, the defendants were given a credit line of $10,000 over the outstanding balance in their account. In his affidavit, Solomon states that on March 2, 1978 his secretary, Ms. Siminow, had delivered to plaintiff his check of $1,382.30 to cover the loan balance in the joint account. This matter is not in dispute. Solomon also maintains that his secretary delivered to the same teller a letter addressed to plaintiff and signed by him. The letter reads as follows: "TO WHOM IT MAY CONCERN: I wish to terminate my Checking Plus privileges as of this date. I've enclosed a check in the amount of $1,382.30 to cover my current balance. Thank you for your cooperation." Thereafter, on March 29, 1978, plaintiff honored 39 checks, totaling $9,982.73, drawn by Sylvia. On October 31, 1978, Solomon states that he mistakenly deposited $1,500 in the subject account. The plaintiff, deducting that $1,500 deposit, alleges that $8,833.81 is now owed by both defendants. It maintains that it never received Solomon's letter of March 23, 1978 which allegedly terminated his account. Additionally, the plaintiff seeks attorney's fees of $1,300. Various factual issues preclude an award of summary judgment as against Solomon. First, a factual issue is presented as to whether Solomon's secretary actually presented a notice of termination on March 23, 1978. Assuming that the notice of termination was delivered, a second issue is presented as to the proper construction of that provision of the agreement that states "no such termination shall affect any checks * * * outstanding". We find that this provision is ambiguous since it does not clearly state whether the plaintiff "must" honor outstanding checks even though a notice of termination has been previously received from a depositor. In view of this contractual ambiguity, judgment should await a plenary trial. (Cf. *Utica Carting, Stor. & Contr. Co. v World Fire & Mar. Ins. Co.,* 277 App Div 483, 486, mot for lv to app and rearg den 278 App Div 629.) Third, collateral issues are presented as to the dates and amounts of the 39 checks honored by plaintiff. The record does not specifically show which of those checks were outstanding on March 23, 1978. Until the foregoing issues are resolved at trial, Solomon cannot be held liable under the agreement for his wife's indebtedness to the plaintiff. However, partial summary judgment should be granted as against Sylvia for she never terminated her account with plaintiff. Therefore, she should be held accountable for the moneys advanced by plaintiff on her behalf. Because there is a dispute as to whether Solomon is entitled to a refund of the $1,500 that was deposited in the account on October 31, 1978, we limit plaintiff's present recovery against Sylvia to the sum of $8,833.81. If it should be determined after trial that Solomon is entitled to a refund of $1,500, then Sylvia's liability should be increased by that amount. While Solomon has not formally counterclaimed for the return of the deposit, we expect that this oversight will be corrected in the near future (CPLR 3025, subd [b]). An assessment of attorney's fees incurred by plaintiff will await the termination of trial. Concur—Murphy, P. J., Kupferman, Silverman, Bloom and Lynch, JJ.