**McCORMICK & COMPANY, INC., Plaintiff,**

v.

**EMPIRE INSURANCE GROUP, Allcity Insurance Company and Empire Mutual Insurance Company, Defendants.**

**No. 87 Civ. 4197 (CLB).**

United States District Court, S.D. New York.

Feb. 29, 1988.

John P. D'Ambrosio, Elmsford, N.Y., for plaintiff.

Robert Lubitz, Weiner, Ostrager, Fieldman & Zucker, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

Plaintiff and the defendants have each moved for summary judgment pursuant to Rule 56 Fed.R.Civ.P., by motions heard on December 21, 1987, and marked fully submitted January 18, 1988, after receipt of an addendum to the plaintiff's supplemental memorandum of law.

The plaintiff won a $68,989.36 judgment against Jay Storage for the loss of 290 bags of pepper in an earlier action in this Court, 86 Civ. 6118. The plaintiff now seeks to enforce that judgment against the defendants, Jay Storage's insurers, pursuant to Section 3420(a)(2), N.Y.Insur.Law, which provides in substance for a direct action against the insurer, under the conditions set forth therein. Under that statute the judgment creditor's rights are no greater and no less than those of the insured under the policy, and recovery can not exceed the policy limits.

There is no dispute between the parties that the defendants provided Jay Storage with "warehousemans legal liability insurance," which was in full force and effect during the period in which the loss took place. The plaintiff bases its motion for summary judgment on Section 1(a)(1) of the policy in which the insurer agreed:

> "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay by reason of liability imposed upon him as a warehouseman or bailee for loss or destruction of or damage to personal property of others contained in the premises herein-

after specified, occuring while this policy remains in full force and effect."

The defendants oppose the plaintiff's motion and make their own motion for summary judgment based upon an exclusionary clause in the policy which states:

"3. Insurance provided under this policy shall not apply as respects any liability or expense for: ... (l) Unexplained loss, mysterious disappearance, or loss or shortage disclosed on taking inventory."

The defendants contend that this exclusionary clause covers the loss of pepper since it is an "Unexplained loss" or "mysterious disappearance," and they offer affidavits in support of their motion which tend to rule out the possibility of burglary. The plaintiff has offered no explanation for the loss.

On May 16, 1984, Jay Storage received from Jantzeen & Deeke, Inc. 430 bags of black pepper for storage in its warehouse in Brooklyn, New York. On August 25, 1984, Jantzeen & Deeke sold the bags of pepper to plaintiff McCormick & Company, Inc. ("McCormick"), a well known packer and dealer in spices. When McCormick sent a truck to claim a portion of its bags of pepper on February 15, 1985, Jay Storage could not locate 290 bags. These bags have never been found.

An affidavit of Mr. Vincent Murray, the owner and President of Jay Storage, states that during the period the plaintiff stored its pepper at Jay Storage, there were no reported incidents of forced entry or theft on the premises, a night watchman was on duty at off-hours and the company was never notified by its alarm company, Wells–Fargo Alarm Services, of an activated alarm. The defendants also submit the affidavit of the Operations Secretary of Wells Fargo Alarm Services, which provides evidence that a protective signalling service was installed at Jay Storage in March 1984, two months prior to the delivery of the pepper to the warehouse, and that no alarms were received from Jay Storage during the relative time period. Furthermore, the warehouse receipt was non-negotiable. These facts if true suggest as a matter of logic that if the pepper was not stolen, either the bailee warehouse-man or its employee negligently released the pepper to a person not entitled; or the pepper is still there but lost in the caverns of the warehouse. Since pepper in its natural state does not sublimate, no other possibility exists, so the disappearance, while unsolved, is hardly mysterious. Rather, it is just the kind of loss against which the bailee probably intended to insure.

This is not a loss of "inventory", which assumes a fungible item added to and subtracted from the stock in trade of a regularly conducted business and counted or recounted by taking inventory at the end of an accounting period.

Under New York law, which applies in this diversity case, any ambiguity in an insurance clause must be resolved against the insurer and in favor of the insured. *Sincoff v. Liberty Mutual Fire Insurance Co.*, 11 N.Y.2d 386, 390, 230 N.Y.S.2d 13, 15, 183 N.E.2d 899, 901 (1962). Upon review of the language in Sec. 3(l), the Court concludes that the exclusionary clause in the Jay Storage policy is ambiguous and subject to two constructions. The defendants propose a construction in which each separate clause in the section could cover a different type of loss, so that an nunexplained" loss would be excluded from coverage. *See Betty v. Liverpool and London and Globe Ins. Co.*, 310 F.2d 308, 311 (4th Cir.1962).

The exclusionary clause could be construed differently, however. The phrases "Unexplained loss," "mysterious disappearance," and "loss or shortage" could be read as modifying "disclosed on taking inventory." This provision could be read to exclude coverage of losses that appeared only on paper, as a result of false or erroneous opening or closing inventories. *See Van Dutch Products Corp. v. Zurich Insur. Co.*, 67 A.D.2d 844, 413 N.Y.S.2d 8, 9 (1st Dept.1979).

Construing the ambiguous clause most favorably to the insured, the Court concludes that Sec. 3(l) must be read to apply only to inventory losses or losses appearing on taking inventory. Since it is undisputed that the missing pepper was delivered to Jay Storage's warehouse and stored there

on bailment, this loss is covered by the policy issued by the defendants to Jay Storage. Plaintiff's motion for summary judgment is granted and the defendants' motion is denied. It is unnecessary to consider the arguments of the plaintiff based upon waiver or estoppel.

Submit a proposed judgment on five (5) days notice of settlement with computations of pre-judgment interest attached.

So Ordered.