The **PILLSBURY COMPANY, Plaintiff,**

v.

**UNDERWRITERS AT LLOYD'S, LONDON, individually and as a representative of an unincorporated association of underwriters, Defendant.**

Civ. No. 4–87–758.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 16, 1989.

Oppenheimer, Wolff & Donnelly, Thomas P. Kane, Bethany K. Culp, St. Paul, Minn., for plaintiff.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Gary W. Hoch, Susan A. Miller, Steven C. Eggimann, Robert E. Salmon, Andrea M. Nelson, Minneapolis, Minn., for defendant.

Lommen, Nelson, Cole & Stageberg, P.A., Kay Nord Hunt and V. Owen Nelson, Minneapolis, Minn., for Home Ins. Co.; Clausen, Miller, Gorman, Caffrey & Witous, P.C., Norman A. Miller, Chicago, Ill., of counsel.

DIANA E. MURPHY, District Judge.

Plaintiff The Pillsbury Company brought this breach of contract action against defendant Underwriters at Lloyd's, London. Diversity jurisdiction is alleged. Now before the court are plaintiff's motions for class certification and for partial summary judgment.

I.

This suit arises from plaintiff's loss of the vast majority of cream-style corn processed at its plant in Tecumseh, Ontario during the 1985 harvest. Plaintiff seeks reimbursement for the loss from its insurers.

Plaintiff and a number of insurers entered into an insurance contract in June 1985. Plaintiff was required to pay a premium in excess of $9,000,000. In return, it received coverage for its property and the property of its subsidiaries "against all risks of physical loss or damage," subject to certain exclusions, for the period June 1, 1985 to June 1, 1988.

The insurers who assumed the risk under the policy varied with the particular risk assumed. Approximately 24 individual syndicates associated with defendant, as well as approximately seventeen other insurance companies, underwrote parts of the policy. The underwriters for the Canadian portion of the risk were a number of syndicates associated with defendant (78.7 percent), Home Insurance Company (15 percent), and New Hampshire Insurance Company (6.3 percent).

The disputed loss occurred at the processing plant of plaintiff's subsidiary, Pillsbury Canada Limited (PCL). On August 31, 1985, PCL determined that cream-style corn being canned at the plant was underprocessed, making it susceptible to spoilage. PCL and others sought to identify the cause of the underprocessing. While the plant continued to process cream-style corn, they studied potential problems and adjusted factors in the process.

The cream-style corn produced by PCL is cooked in a large rotary cooker. In this process, cans are rotated as they are heated to improve the transfer of heat throughout their contents. The process is designed to destroy or neutralize undesirable organisms in the product more quickly and efficiently than other methods. Part of PCL's efforts to solve the problem involved increasing the cooking time and reducing the amount of cream-style corn in each can.

Despite PCL's efforts, the problem was not resolved by October 1985. Subsequently, after consulting with representatives of its insurers and its can supplier, plaintiff elected to destroy all of the cans of cream-style corn processed at the Tecumseh plant during the 1985 harvest which had tin free steel (TFS) ends.[1] It believed them to be underprocessed and unfit for human consumption. A small portion of the cream-

1. A small portion of the TFS ended cans were preserved for litigation and further testing.

style corn had been processed in cans with electrolytic tin plated (ETP) ends and was determined to be satisfactory. These cans were sold. Plaintiff now believes that the TFS ends caused the cans to underrotate, resulting in underprocessing of the product.

Plaintiff submitted a claim to the insurers for over $6,000,000 (Canadian) relating to the cream-style corn loss. Home Insurance Company agreed that the loss was covered by the policy, but the other insurers did not. Plaintiff brought this action to recover from the insurers who denied coverage. It has moved to certify a class of defendants including all of the individual underwriters and syndicates which subscribed to the policy, with the exception of Home Insurance Company. Plaintiff has also moved for partial summary judgment declaring that the underprocessing of the cream-style corn was a loss covered by the policy.

## II.

■ Plaintiff seeks to form a defendant class consisting of all the insurers who subscribed to the policy except Home Insurance Company. It asserts that certification of the class is appropriate under either Fed.R.Civ.P. 23(b)(3) or 23.2. Defendant contends that no claim has been asserted against many of the members of the proposed class. It notes that only the Underwriters at Lloyd's, New Hampshire Insurance Company, and Home Insurance Company insured the property in Canada. Plaintiff responds that the remaining insurers should be joined in the class because of their interest in the claim. It asserts that the insurers had fronting arrangements among themselves whereby the underwriters of the Canadian risk purchased coverage for that risk from the other insurers.[2]

Plaintiff has failed to state a claim against the insurers who did not underwrite the Canadian portion of the risk in the policy. Plaintiff has not alleged any agreement it has with them regarding the

Canadian property. It simply outlines the claim which the underwriters of the Canadian risk may have against the other insurers. Plaintiff's motion to certify a class of all subscribers to the policy except Home Insurance Company should be denied.

■ Plaintiff has also failed to show that New Hampshire Insurance Company should be joined with the Underwriters at Lloyd's as a class. The joint participation of these insurers in the policy is not a sufficient basis for treating them as an unincorporated association under Rule 23.2. Plaintiff has also failed to show that this group is "so numerous that joinder of all members is impracticable" or that a class action in this instance is superior to other available methods of pursuing its claims. It has therefore failed to show that certification of the Underwriter's at Lloyd's and New Hampshire Insurance Company as a class is appropriate under Rule 23.

## III.

Plaintiff has also moved for partial summary judgment. It asks the court to find that the underprocessing of cream-style corn at Tecumseh in 1985 was a loss covered by the policy.

On a motion for summary judgment, all material facts and inferences are construed in favor of the non-moving party. *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). To defeat a motion for summary judgment, however, the non-moving party must show through specific evidence that there are material facts in dispute creating a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). It may not rest only upon the allegations or denials of its pleadings.

■ The policy's coverage is expansive. The insuring clause provides:

> Subject to the terms, warranties, conditions and exclusions hereinafter contained, this policy insures all real and/or personal property of the Insured of ev-

2. Canadian law apparently precluded many of the insurers from directly underwriting the Ca-
nadian risk.

ery kind and description ... against ALL RISKS OF PHYSICAL LOSS OR DAMAGE OCCURRING DURING THE PERIOD OF THIS POLICY....

This is a standard form of insurance known as an all risks policy. All risks insurance apparently was developed to protect the insured in cases where loss or damage to property is difficult or impossible to explain. *Morrison Grain Co. v. Utica Mut. Ins. Co.,* 632 F.2d 424, 430 (5th Cir.1980); *Atlantic Lines Ltd. v. American Motorists Ins. Co.,* 547 F.2d 11, 13 (2d Cir.1976).

The insured's burden under an all risks policy is limited. The insured need only show that a loss occurred and that the loss was fortuitous. *Id.* at 12. The burden then shifts to the insurer to show that an express exception to the coverage applies. *Texas E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d 561, 564 (10th Cir.1978).

Defendant argues that there may not have been a loss. It suggests that the cream-style corn at Tecumseh was of the same quality as prior years and that only the method of testing it changed. It asserts that plaintiff might have been able to isolate the spoiled product and sell the remainder.

The record before the court favors plaintiff, however. Plaintiff notes that defendant has failed to provide any evidence to support its contention that no loss occurred. Drake Ratcliff, the insurers' adjustor, and William Lawless, a representative of plaintiff's can supplier, testified that they agreed with plaintiff's decision to destroy the product. Plaintiff also says the policy gave it the exclusive right to determine the fitness of its products. The "brands or trademarks" condition of the policy provides:

> The Insured, exercising a reasonable discretion, shall be the sole judge as to whether the goods involved in any loss under this policy are fit for consumption....

Defendant has failed to provide any evidence suggesting that plaintiff failed to exercise reasonable discretion in its decision to destroy the cream-style corn. On this record, plaintiff has established that the destruction of cream-style corn at Tecumseh was a loss for purposes of the policy.

In order to prevail on its motion, plaintiff must also show that the loss was fortuitous. Courts have generally adopted the definition of a fortuitous event given in *Restatement of Contracts* § 291 comment a (1932):

> A fortuitous event ... is an event which so far as the parties to the contract are aware, is dependent on chance. It may be beyond the power of any human being to bring the event to pass; it may be within the control of third persons; it may even be a past event, as the loss of a vessel, provided that the fact is unknown to the parties. The event may be positive or negative—an occurrence or a failure to occur.

*See Compagnie des Bauxites de Guinee v. Insurance Co. of N. Am.,* 724 F.2d 369, 372 (3d Cir.1983). The insured is not required to prove the precise cause of the loss or damage or to demonstrate that it was occasioned by an external cause. *Morrison Grain Co.,* 632 F.2d at 430–31.

Plaintiff asserts that prior to 1985, it had no reason to believe that its method of processing cream-style corn would fail to destroy the health-threatening organisms in cream-style corn. Plaintiff indicates that it had thoroughly tested the process and used it successfully for many years. It contends that the loss was caused by the TFS ends on the cans. It now believes that this type of can does not rotate properly in its cooker, resulting in underprocessing. Plaintiff states that a loss may be fortuitous even though certain to occur, if the cause is discovered only after the event. *Compagnie des Bauxites,* 724 F.2d at 373.

Defendant asserts that the loss was not fortuitous because it resulted from plaintiff's intentional misconduct. It suggests that plaintiff knew that its process was "marginal." By striving for the shortest cooking time possible, defendant claims that plaintiff allowed fluctuations in the process parameters to result in undercooking.

Plaintiff's loss may be fortuitous despite a defect in its canning process. A loss caused by a defective design is fortuitous if the insured had reason to rely on it. *See Id.* at 373; *Texas E. Transmission Corp.,* 579 F.2d at 565. Plaintiff's past experience with the processing method indicated that it was satisfactory. Although defendant asserts that plaintiff is at fault for the loss, it has not made any evidentiary showing that the process failed because of intentional misconduct of plaintiff or that plaintiff thought its process was "marginal" prior to 1986. Even if the loss resulted from plaintiff's negligence in designing or operating the process, it would still have been fortuitous. *Morrison Grain Co.,* 632 F.2d at 431.

Defendant also contends that the loss was not fortuitous because it resulted from an inherent condition of the property. It argues that since the existence of health threatening organisms in the corn was a natural condition, the loss was not fortuitous.

The loss of corn to spoilage may be fortuitous even though it is an entirely natural occurrence. While the normal wear and tear or deterioration of property is not a fortuitous loss, inordinate decay due to the failure of normal preservative measures may be. *See, e.g., Ingersoll Milling Mach. Co. v. M/V Bodena,* 829 F.2d 293, 307 (2d Cir.1987) (loss due to improper storage of cargo was fortuitous), *cert. denied,* — U.S. —, 108 S.Ct. 774, 98 L.Ed.2d 860 (1988); *Morrison Grain Co.,* 632 F.2d at 430–31 (loss due to improper stowage of cargo was fortuitous). Defendant has recognized that the policy covers the plaintiff's products against decay in various situations, such as losses caused by defective cans. A loss due to a defective canning process is no different. The inherent nature of the corn which contributed to the loss does not defeat plaintiff's showing that the loss was fortuitous. The burden shifts to the defendant to show that the loss was excluded by some language set out in the policy.

Defendant asserts that three exclusions in the policy prevent plaintiff's recovery for this loss. It contends that a "business risks" exception should be implied as part of the policy. It also argues that the policy's "faulty workmanship" and "inherent vice" exclusions apply to the loss.

Defendant contends that all risks policies implicitly exclude from coverage calculated business risks. It defines such risks as "highly expectable losses" which are commonly regarded as a cost rather than a risk of the insured enterprise. Plaintiff argues that no implied business risk exception exists and that the coverage should be determined solely by looking at the provisions of the insuring agreement. Defendant has not established that a business risks exception should be implied in the policy. It has cited no cases in support of its claim. Even if a business risks exception were deemed to exist, it would not apply in this case. Defendant has not offered any evidence suggesting that the loss resulted from a calculated risk and was highly expectable.

▮ The policy provides express exclusions for faulty workmanship and inherent vice. The policy provides:

This Policy does not insure:

A. Cost of making good faulty workmanship, material, construction or design, but this exclusion shall not be deemed to exclude loss or damage arising as a consequence of faulty workmanship, material, construction or design;

B. Loss or damage due to inherent vice, gradual deterioration, rust or corrosion, change in flavor, color or texture, wear, or tear, but this exclusion shall not be deemed to exclude loss or damage arising as a consequence of the foregoing nor shall such loss be excluded if caused directly by a peril not otherwise excluded;

Defendant has not met its burden in showing the applicability of the faulty workmanship exclusion. It has not indicated what workmanship it alleges to have been faulty, nor has it offered any evidence suggesting that the loss resulted from faulty workmanship. In addition, the faulty workmanship exclusion applies only to the losses

related to "making good" the defect and not to losses caused by the defect. Similarly, the inherent vice exclusion does not apply to losses caused by "a peril not otherwise excluded." The parties both assert that the process failed, in some manner, resulting in undercooking of the corn. As discussed above, the risk that the process would fail is one covered by the policy. The inherent vice exception is thus inapplicable.

Plaintiff is entitled to summary judgment on the coverage issue. It has met its burden of showing that a fortuitous loss occurred. Defendant has not raised any material question of fact as to the applicability of any exclusion in the policy. The record establishes that the underprocessing of cream-style corn in Tecumseh, Ontario in 1985 was a risk of loss covered by the policy. Plaintiff's motion for partial summary judgment should be granted.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for class certification is denied.

2. Plaintiff's motion for partial summary judgment is granted.