BANK OF OKLAHOMA, N.A., as Trustee under Trust and Indenture dated March 1, 1980, between Creek County Home Finance Authority and Bank of Oklahoma, N.A., Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 78103.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 13, 1992.

Rehearing Denied Nov. 24, 1992.

Certiorari Denied March 24, 1993.

James W. Rhodes and Don J. Gutteridge, Oklahoma City, for appellant.

D. Lynn Babb and S. Marc Walls, Oklahoma City, for appellee.

*OPINION*

HANSEN, Vice–Chief Judge:

In this action for damages under an insurance contract, Appellant (Bank) seeks review of the trial court's order granting summary judgment in favor of Appellee (Continental). We reverse and remand.

Bank is the named insured on a Special Hazard Insurance Policy initially issued by MGIC Indemnity Corporation. Continental assumed the obligation on the policy from MGIC. The policy insured certain residential property mortgaged to Bank "against loss that is caused by all risks of direct physical loss or damage ... from any cause, except as hereinafter excluded, ...".[1]

Midland Mortgage Company, acting on behalf of Bank, made a claim under the policy for damage to the property. In response to an inquiry by MGIC as to the cause of the damage, Midland sent a letter stating, in relevant part:

... please be advised that the mortgagor [occupant] deferred maintenance on the property for the eight (8) years he lived there. The damages that you point out in your letter were the result of that lack of maintaining the property and not the result of vandalism.

Bank filed this action after denial of the claim. Continental moved for summary judgment. In its motion, Continental argued the matter presented the trial court with only a question of law—whether the loss claimed by [Bank] resulted from a "fortuitous event".

Continental further argued "normal wear and tear resulting from a lack of maintenance of residential property is pre-

1. This type of policy is commonly referred to in    the insurance industry as an "all-risk" policy.

dictable and a certainty", and is therefore not a "fortuitous event". The only evidentiary material Continental submitted in support of its motion was the insurance policy, a proof of loss form[2] and Midland's letter noted above.

Bank opposed Continental's motion, arguing the policy insured against all risks not excluded, and that "improper maintenance" was not excluded. The trial court granted Continental's motion. The court specifically found:

> ... the undisputed facts demonstrate that the case at issue involves damages resulting from normal wear and tear or deterioration to residential property rather than a "fortuitous event" and the claims of the Plaintiff are therefore not covered by the policy in question.

Bank brought this appeal from the trial court's judgment. As its sole proposition on appeal, Bank asserts that Continental was not entitled to summary judgment because the trial court's findings have no evidentiary basis. Bank poses the question more specifically—Under an "all-risk" insurance policy, is failure to adequately maintain residential property by a third party occupant "ordinary wear and tear", or is it a "fortuitous event".

Neither party cites Oklahoma legal authority determinative of the question posed, nor are we aware of such authority. However, both parties depend upon essentially the same authorities, but argue different interpretations. We find Appellant's position more persuasive.

The courts have generally adopted the following definition of a fortuitous event, which is found in the Restatement of Contracts (1932), § 291 comment a:

> ... an event which so far as the parties to the contract are aware, is dependent on chance.

▮ Continental does not identify any express *policy* exclusion which takes the loss outside the scope of coverage, but instead relies on the *implied* exception of nonfortuity. Every "all-risk" contract of insurance contains an unnamed exclusion, that is, the loss must be fortuitous in nature. *Intermetal Mexicana v. Insurance Company of North America,* 866 F.2d 71 (3rd Cir.1989).

▮ Application of the fortuity doctrine to the facts of a particular case is a question of law for the court. *Intermetal Mexicana,* at 77. In the matter before us, the trial court determined, as a matter of law, that Bank's loss was the result of "normal wear and tear or deterioration", rather than a "fortuitous event". We find the facts do not support the trial court's conclusion.

The only evidentiary material relating to cause of loss Continental submitted in support of its motion was Midland's letter. Bank chose to rely on that letter also. Midland's letter refers only to "deferred maintenance" or lack of maintenance, with no mention of "wear and tear".

Despite Continental's repeated assertions, Bank has never admitted its loss was due to ordinary wear and tear. Bank concedes such loss would not be within the terms of the policy, but argues that *excessive* deterioration, when caused by neglect or failure to maintain the insured property, is a covered fortuitous loss.

In an action to recover under an all-risk policy for loss of canned corn to spoilage, the United States District Court for the District of Minnesota found that:

> While the normal wear and tear or deterioration of property is not a fortuitous loss, *inordinate decay due to the failure of normal preservative measures may be.* (emphasis supplied)

*Pillsbury Company v. Underwriters at Lloyd's, London,* 705 F.Supp. 1396 (D.Minn.1989).

The court in *Pillsbury* further found the loss of corn to spoilage, even though a natural occurrence, may be fortuitous where it was the result of a defective canning process. Similarly, in the case before

---

**2.** The block on the proof of loss form for cause of loss and items damaged was not completed, showing only the notation "See attached esti- mate". This "estimate" was not included with the motion for summary judgment.

us, Bank and Continental could have reasonably expected some deterioration in the property from "normal wear and tear", but not the more aggravated effects of the third party occupant's failure to maintain the property for eight years. As to the parties to the insurance contract, the latter would be dependent on chance, and therefore fortuitous.

In the absence of any legal authority equating "normal wear and tear" with failure to reasonably maintain the insured property, we find the trial court erred in granting summary judgment for Continental. That order is REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

BAILEY, P.J., and HUNTER, J., concur.