STELLA JEWELRY MFG.,
INC., Plaintiff,

v.

NAVIGA BELGAMAR Through PENEM
INTERNATIONAL INC., Defendant.

No. 94 Civ. 3613 (RPP).

United States District Court,
S.D. New York.

April 26, 1995.

Matarazzo, Blumberg & Associates, P.C. by Craig A. Blumberg, New York City, for plaintiff.

Badiak Will & Maloof by Joseph B. McDonald, New York City, for defendant.

## ORDER AND OPINION

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Stella Jewelry Mfg., Inc. ("Stella") moves pursuant to Fed.R.Civ.P. Rule 56 for partial summary judgment dismissing the Second Affirmative Defense of Defendant Naviga Belgamar ("Naviga").

### Background

The following facts are not disputed. Stella, incorporated under the laws of New York State, claims that a loss occurred in the amount of at least $100,000 on May 20, 1993 against an insurance policy (the "Policy") issued by Naviga, a Belgian Insurance Corporation. Pl. 3(g) Stmt. at ¶¶ 1–2. Judah Rosenberg ("Rosenberg"), President of Stella, states that he travelled to Dallas, Texas on May 19, 1993 with two bags of jewelry (one nylon and one plastic bag), and that he stored the two bags at the home of Rabbi Jacobson outside Dallas that night. *Id.* at ¶ 5. Rosenberg returned on May 20 to retrieve the two bags, and parked his car on the circular driveway of Rabbi Jacobson's house, about 10 feet from the house. *Id.* at ¶¶ 6–7. After collecting the bags, Rosenberg approached his car and placed the nylon bag on the ground next to his foot in order to make room in the car's trunk, but when he bent down to pick up this bag it was gone. *Id.* at ¶¶ 7–8. Rosenberg stated that "about 10 seconds" elapsed from the moment he placed the bag on the ground until he turned to pick it up, and that during this interval he did not see or hear anything. Rosenberg Dep. at 33–34 (submitted as an exhibit to McDonald Aff. dated March 22, 1995). Rosenberg made a report to the Dallas Police Department on May 20, 1993 and notified his insurance broker of the incident. Pl. 3(g) Stmt. at ¶¶ 9–10; *see also* Rosenberg Aff.

dated February 28, 1995 at Ex. 5 (Dallas Police Department "Offense Incident Report" dated May 20, 1993).

Plaintiff filed the instant action after Defendant refused to reimburse Stella's insurance claim for jewelry in the nylon bag. Pl. 3(g) Stmt. at ¶ 11. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and venue is asserted in this district pursuant to 28 U.S.C. § 1391. Plaintiff now moves for summary judgement to dismiss Naviga's Second Affirmative Defense based on the Policy exclusion for "Loss resulting from mysterious disappearance." Ex. 1 to Rosenberg Aff. dated February 28, 1995 ("The Policy") at ¶ 20.

### Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is not appropriate where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and the Court must view the facts in the light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ The Policy issued to Stella protected against "All Risks of Physical Loss or Damage." Policy at page 3. Under this type of policy, "[t]he insured need only prove the existence of the all risks policy, and the loss of the covered property." *Great Northern Ins. Co. v. Dayco Corp.*, 637 F.Supp. 765, 777 (S.D.N.Y.1986) (citing *Pan American World Airways, Inc. v. Aetna Casualty & Surety Co.*, 505 F.2d 989, 999 [2d Cir.1974]). Once the insured has established such a loss, the burden shifts to the insurer to show that an exclusion to the policy prevents recovery. *Jewelers Mutual Ins. Co. v. Balogh*, 272 F.2d 889, 892 (5th Cir.1959).

■ Stella's Policy contained a clause excluding "Loss resulting from mysterious disappearance." Policy at ¶ 20.[1] Defining the term "mysterious disappearance" is difficult, and few court decisions provide assistance. Some deal with coverage for mysterious disappearances, whereas under other policies such losses are excluded. Accordingly, the phrase must be interpreted "in light of the business purposes sought to be achieved by the parties and the plain meaning of the words chosen by them to effect those purposes." *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 135 (2d Cir.1986) (citation omitted). "Carriers which do not wish to insure against [all risks] customarily incorporate an exclusionary clause in their policies exempting from coverage 'unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory." *Atlantic Lines Ltd. v. American Motorists Ins. Co.*, 547 F.2d 11, 13 (2d Cir.1976). One treatise explains that "[s]uch a position would relieve the insurer of liability where the property was misplaced or lost by the insured and not the result of felonious acts of another." *Couch on Insurance* § 42:84 (2d ed. 1982).

The Fourth Department noted in 1969 that "only two New York cases interpret[ed] the words 'mysterious disappearance,'" and observed that one court defined the phrase as encompassing a loss "which was unexplainable, unaccountable, or which occurred in an unknown manner." *Orenstein v. United Services Auto Assoc.*, 32 A.D.2d 227, 229, 301 N.Y.S.2d 208, 210 (4th Dep't 1969) (citing *Levine v. Accident & Cas. Ins. Co.*, 203 Misc. 135, 112 N.Y.S.2d 397 [N.Y.Mun.Ct.1952]).

■ In the instant dispute, "mysterious disappearance" is interpreted as a factual circumstance in which a reasonable person could not infer based on the evidence presented the manner in which the reported loss occurred. Defendant argues that adequate support exists for its refusal to reimburse Stella's claim because of the exclusion for "mysterious disappearance" based on Rosenberg's failure to see or hear anything during the 10–second interval in which the loss allegedly took place as he stood in a suburban

1. The policy apparently eliminated the phrase "or loss or shortage disclosed on taking inventory" because of the Second Circuit holding that such an addition makes the exclusion ambiguous. *McCormick & Co., Inc. v. Empire Ins. Group*, 878 F.2d 27, 29 (2d Cir.1989).

driveway. *See* Rein Aff. dated March 23, 1995 at Ex. A (map of driveway at 5548 Meletio Lane where the incident allegedly occurred). Defendant seeks to play both ends against the middle. Loss from theft is not excluded from coverage under the Policy. The facts as testified to by the only witness, Plaintiff's president, bespeak only of theft, albeit a mysterious theft with no evidence of a thief. With the defense of "mysterious disappearance" left at issue, the jury might be misled to find both theft and mysterious disappearance since the circumstances appear to be mysterious. This mysteriousness exclusion really relates to the credibility of testimony by Plaintiff's president. There is no evidence from which one could deduce that the nylon bag had blown away or been lost in any other manner than by theft. Under those circumstances no reasonable jury could reach the conclusion that the loss occurred otherwise.

Plaintiff's motion for summary judgment excluding the defense of mysterious disappearance is granted with the understanding that Plaintiff will confine its argument to the jury to the thesis that the evidence demonstrates a theft occurred in accordance with its theory. Pl.Mem. at 1. Trial is to begin May 8, 1995 at 9:30 a.m. in Courtroom 24A at 500 Pearl Street.

IT IS SO ORDERED.