■ ALYSSA P. GROSSMAN, Plaintiff, v FRANKLIN HOSPITAL MEDICAL CENTER et al., Defendants and Third-Party Plaintiffs-Respondents. MICHAEL GROSSMAN et al., Third-Party Defendants-Appellants. [635 NYS2d 43] —In an action to recover damages for wrongful death and personal injuries based on medical malpractice, the third-party defendants appeal (1) from an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 26, 1994, which denied their motion for summary judgment dismissing the third-party complaint, and (2) as limited by their brief, from so much of an order of the same court, dated November 2, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 26, 1994, is dismissed, as that order was superseded by the order dated November 2, 1994, made upon reargument; and it is further,

Ordered that the order dated November 2, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

When a person is subject to liability for damages for the same personal injury, injury to property, or wrongful death as a defendant, based on either breach of a duty owed directly to the plaintiff or breach of some duty owed to the defendant, contribution may be sought (see, CPLR 1401; Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568; Garrett v Holiday Inns, 58 NY2d 253, 258; 2A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 1401.10a, 1401.10b). In this case, the issue is whether the third-party defendants breached a duty of care owed to the decedent.

Accepting the truth of the defendants' allegations against the third-party defendants (see, Citibank v Dutka, 74 AD2d 520), there are clear issues of fact as to whether the third-party defendants breached a duty of care owed to the decedent (see, CPLR 3212; Zuckerman v City of New York, 49 NY2d 557). Accordingly, we affirm. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.