■ Coin Roberto, Inc., Appellant, v Reliance Insurance Company, Respondent. [722 NYS2d 497] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered March 29, 2000, which, upon the prior grant of defendant's motion for summary judgment, dismissed the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 2, 2000, granting defendant's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing March 29, 2000 judgment.

The motion court properly found that defendant insurer's disclaimer was proper, because plaintiff insured did not substantially comply with the requirement in the subject jeweler's block policy that it "maintain a detailed and itemized inventory * * * including * * * separate listing of all travelers' stocks." There is no indication in the record on appeal that the insured maintained records "sufficient to disclose to the insurer the extent of its liability, independently of any need to resort to evidence outside the records to explain the records other than might be necessary to disclose the bookkeeping

methods employed" (*see, Globe Jewelry v Pennsylvania Ins. Co.*, 72 Misc 2d 563, 564). Contrary to plaintiff insured's argument in reliance upon Insurance Law § 3106, the records-keeping provision at issue does not entail provision of a "warranty" within the meaning of the statute (*cf., Fabrikant & Sons v Overton & Co. Customs Brokers*, 209 AD2d 206, 207) and, accordingly, the validity of defendant's disclaimer is not subject to the conditions applicable pursuant to Insurance Law § 3106 to disclaimers predicated on breach of warranty. Since the grant of summary judgment to defendant may be affirmed solely on the basis of the insured's failure to keep records in accordance with the requirements of the subject contract of insurance, we need not and do not decide whether the insured's agent was "in or upon" the vehicle at the time of the loss within the meaning of the policy language (*see, Davidoll Designs v Reliance Ins. Co.*, 279 AD2d 364), or whether the loss was a "mysterious disappearance" (*see, Stella Jewelry Mfg. v Naviga Belgamar*, 885 F Supp 84, 86). Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.