■ JOHN MILONE et al., Appellants, v SCOTTSDALE INSURANCE COMPANY, Respondent. [27 NYS3d 872]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered November 6, 2014, which, insofar as appealed from as limited by the briefs, dismissed the complaint in its entirety upon defendant's motion for summary judgment seeking certain declarations as to the limitations of coverage obligations, unanimously modified, on the law, to reinstate the first and second causes of action, and to declare in favor of defendant as indicated herein, and as so modified, affirmed, with costs against defendant.

The court erred in dismissing the complaint. The record does not conclusively establish that plaintiffs did not suffer any damage to the structure of the premises, its driveway, irrigation system or landscaping, that was not the subject of defendant's reimbursement of plaintiffs' initial coverage claim, and which is covered by the operative insurance policy. Where, as here, "the insured, in opposition to the insurer's motion for summary judgment, presents circumstantial evidence of the manner in which the loss occurred, the motion court should view this evidence in the light most favorable to the non-movant" (*Gurfein Bros. v Hanover Ins. Co.*, 248 AD2d 227, 229 [1st Dept 1998]). Plaintiffs are thus entitled to have their evidence of any such damages evaluated by a jury.

Defendant, however, is entitled to declarations that (1) plaintiffs are not entitled to coverage under the policy for any damages to the structure, brickwork, landscaping, irrigation system or driveway that was not caused by direct physical damage as a result of the fire or the efforts of the firefighters to combat the fire, and (2) that plaintiffs' damages are limited to the limits set forth in the policy. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.