OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified in accordance with this memorandum, with costs to respondents-appellants, and, as so modified, affirmed.
We agree with Special Term and the Appellate Division that article 7-C of the Multiple Dwelling Law (legalization of interim multiple dwellings) is not in conflict with the due process clauses of the Fourteenth Amendment of the United States Constitution and article I, § 6 of the New York State Constitution. It is apparent from the legislative findings that the enactment is supported by a legitimate concern that loft buildings are being converted to residential use "without compliance with applicable building codes”, that many of these buildings "do not conform to minimum standards for health, safety and fire protection”, and that an "acute shortage of housing” already exists (Multiple Dwelling Law § 280). The statute establishes a reasonable means to meet these legislative concerns and is, therefore, a valid exercise of the police power (Goldblatt v Town of Hempstead, 369 US 590, *659 594-595; Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483, 489). We find no merit to the claim that the statute violates the equal protection clauses of the State or Federal Constitutions (US Const 14th Amend; NY Const, art I, § 11; see, e.g., McGowan v Maryland, 366 US 420, 425; 8200 Realty Corp. v Lindsay, 27 NY2d 124, 137), nor is there any showing that the statute, as applied to the particular properties of plaintiff, contravenes the State or Federal Constitutions as a taking without just compensation (see, e.g., Penn Cent. Transp. Co. v New York City, 438 US 104, 127-128; Modjeska Sign Studios v Berle, 43 NY2d 468, 473-475, 477; cf. French Investing Co. v City of New York, 39 NY2d 587, appeal dismissed 429 US 990). There is no merit to plaintiffs’ other attacks on the statute’s validity.
Special Term erred, however, in ordering hardship hearings, because mandamus is an extraordinary remedy which lies only "to compel the performance of a purely ministerial act where there is a clear right to the relief sought” (Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16; see, Legal Aid Socy. v Ward, 61 NY2d 744). Although the statute requires respondent Loft Board to resolve hardship applications, it does not require the Board to schedule hearings when it does so (see, Multiple Dwelling Law § 282). Thus, the remedy did not lie to compel the Loft Board to schedule hardship hearings, and that direction should be stricken.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order modified, etc.