Ciparick, J.
(dissenting). I respectfully dissent.
The dispositive issue on this appeal is the interpretation of the phrase "the judge shall render judgment” as used in RPAPL 732 (3). The fact that the instant petition was verified by the landlord and proper service was established does not detract from the Judge’s exercise of judgment and discretion to "render” a judgment, a distinct judicial process not subject to mandamus and wholly distinguishable from a command to perform a ministerial act, which can be the subject of a mandamus proceeding (see, Klostermann v Cuomo, 61 NY2d 525, 539). The majority, however, eliminates the judicial process from RPAPL 732 (3) by construing the Judge’s function *683 as the performance of a mere ministerial duty — the entry of judgment.
It has long been the law in this State that to render judgment is judicial and to enter it is ministerial (see, Evarts v Kiehl, 102 NY 296, and discussion in dissenting mem below Matter of Brusco v Braun, 199 AD2d 27, 35-36). CCA 1401 provides that the Civil Court "shall have power to render any judgment that the supreme court might render in a like case” within the limits of its jurisdiction, whereas section 1402 states that a "judgment by default may be entered as provided in CPLR § 3215” (emphasis provided). These provisions, likewise govern judgments of the Housing Part of the Civil Court.
I disagree with the majority’s finding that RPAPL 732 (3) is inconsistent with the provisions of CPLR 3215 rendering section 3215 inapplicable in summary nonpayment proceedings. Rather the provisions of CPLR 3215 should be read to enhance the provisions of RPAPL 732 (3) and should be harmonized rather than read in conflict, unless CPLR 3215 provides otherwise (see, e.g., CPLR 3215 [g] [3] [iii]; [4] [iii] [exclusions of summary nonpayment proceedings from notice provisions]). Thus, absent an express exclusion by the Legislature, CPLR 3215 (a) and (b) are applicable to summary proceedings in the Housing Part.
No purpose would be served by the Judge presiding over the nonpayment proceeding if all that is contemplated by RPAPL 732 (3) is a mechanical act that could be administered by a clerk. Indeed, given what is at risk in a nonpayment proceeding — the tenant’s home — it is incongruous to read RPAPL 732 (3) as inconsistent with CPLR 3215, and in a manner that strips the Judge of all discretion.
Even the Court below admits that a Judge must evaluate the sufficiency of the landlord’s pleadings and that, in certain cases, has the discretion to require and consider additional proof before entering judgment. This leads me to conclude that some discretion was intended to be afforded Civil Court Judges. Neither RPAPL 732 (3) nor CPLR 3215 is intended to serve simply as a rubber stamp once it appears that the court has jurisdiction over the matter and failure to appear is shown. It is only in an action for a sum certain where there is no dispute as to the amount due that the entry of a default judgment is a mere ministerial act. A nonpayment proceeding is at its core an equitable proceeding, only secondarily does it concern the recovery of a sum certain. Thus, some measure of *684 proof of liability is required to satisfy the court of the prima facie validity of the cause of action (see, 4 Weinstein-KornMiller, NY Civ Prac If 3215.03). The measure of such proof is a uniquely judicial function, and in a RPAPL 732 action is often measured by the Judge’s firsthand confirmation of the facts.
In cases like the instant one, the inquest serves this purpose and is consistent with the inherent power of the court and the discretion vested in the Judge. Therefore, respondent Braun’s order directing an inquest comports with RPAPL 732 (3), as well as falling within the inherent power of the court (see, CCA 201, 212, 1401). The court, in calendaring the inquest need not do violence to the expeditious resolution of the matter. This is certainly preferable to subsequent litigation to stay and/or vacate execution of a warrant of eviction.
Certainly, in this proceeding, mandamus does not lie, as it is an extraordinary remedy requiring a showing of a clear right to the relief sought (Spring Realty Co. v New York City Loft Bd., 69 NY2d 657). Petitioner has failed to establish the existence of such a clear right in this case.
Accordingly, I would deny mandamus and reverse the order of the Appellate Division.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Levine concur with Judge Simons; Judge Ciparick dissents and votes to reverse in a separate opinion.
Order affirmed, etc.