[707 NYS2d 733]

In the Matter of JOHN J. FASO et al., as Members of the New York State Assembly, Appellants, v FRANCINE M. MISASI, as Clerk of the New York State Assembly, Respondent.

Third Department, May 25, 2000

APPEARANCES OF COUNSEL

*Denton, Keyser, Labrecque & Moore,* Elmira (*George H. Winner, Jr.,* of counsel), for appellants.

*Eliot Spitzer, Attorney General,* Albany (*Julie M. Sheridan* of counsel), for respondent.

## OPINION OF THE COURT

CARDONA, P. J.

Petitioners are Members of the State Assembly who, on April 19, 1999, submitted a formal request to respondent, the Clerk of the Assembly, to serve a petition upon each Assembly Member to convene an extraordinary session pursuant to NY Constitution, article III, § 18. Petitioners sought to convene the session for the purpose of considering four bills, all of which had been introduced during the 1999 legislative session and were still under consideration in standing committees of the Assembly. Respondent denied petitioners' request on the basis that the convening of an extraordinary session was not appropriate when the Assembly was in regular session. Petitioners commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondent to, *inter alia,* serve a petition upon each Assembly Member requesting the convening of an extraordinary session pursuant to Legislative Law § 36. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, we note that the holding of extraordinary legislative sessions is authorized by NY Constitution, article III, § 18, which provides that: "The members of the legislature shall be empowered, upon the presentation to the temporary president of the senate and the speaker of the assembly of a petition signed by two-thirds of the members elected to each house of the legislature, to convene the legislature on extraordinary occasions to act upon the subjects enumerated in such petition." In furtherance of this objective, Legislative Law § 36 (a) (1) states that: "The secretary or clerk of the initiating house, upon the receipt of the written request of any member or members elected thereto that the legislature be convened in extraordinary session and stating the subject matter sought to be acted upon, shall forthwith cause a petition to be served personally on, or sent by registered mail, return receipt requested, *to each member of such house at his voting address* or such other address as he shall have designated therefor in writing."

Petitioners argue that their petition for mandamus must be granted insofar as Legislative Law § 36 clearly directs that,

upon receipt of a request from an Assembly Member to convene an extraordinary session, respondent "shall forthwith" cause a petition to be served upon other Assembly Members. Respondent argues that petitioners' interpretation of the statute, with its emphasis on the use of the words "shall forthwith," ignores the import of the terms "extraordinary occasions" and "extraordinary session." According to respondent, the plain meaning of those terms, when read in conjunction with the "shall forthwith" language, leads to the conclusion that her duty under Legislative Law § 36 to serve petitions to convene a special legislative session only arises after the Legislature has adjourned its regular session.

We note that the terms "extraordinary occasions" and "extraordinary session" are not defined in either the NY Constitution or the Legislative Law. Thus, it is necessary to examine the legislative background underlying the passage of NY Constitution, article III, § 18 to ascertain those circumstances under which it was contemplated that extraordinary sessions of the Legislature would be held. A review of a 1973 "Message to Members of the New York State Assembly" prepared by the Assembly Speaker and sponsor of the constitutional amendment, Perry Duryea, reveals that the proposal permitting the Legislature to call itself into special session was intended to overcome the Legislature's incapacity to call itself back into session to act once it had adjourned its regular session (see, Duryea, Speech to the New York State Assembly, *Toward a More Effective Legislature*," at 7-8 [Dec. 14, 1973]). In fact, Speaker Duryea indicated in his message that consideration had been given to providing for a "continuously functioning legislature" which could convene in session at any given time, but such a proposal was rejected in favor of the petition process (*id.*, at 7). In view of this purpose, it would be inconsistent to conclude that an Assembly Member could initiate the process for convening an extraordinary session whenever he or she wished, including when the Legislature was in regular session as in the case at hand.

It appears that the only occasion on which a Legislative Law § 36 extraordinary session petition was initiated previously occurred in 1976 after the Assembly adjourned its regular session. Finding no legislative history or Assembly past practice to support the use of such a petition process while the Assembly remains in session conducting its legislative affairs, we conclude that petitioners have not established a clear legal right to the relief requested (*see, Spring Realty Co. v New York*

*City Loft Bd.*, 69 NY2d 657, 659, *appeal dismissed* 482 US 911). Therefore, we hold that relief in the nature of mandamus directing respondent to convene an extraordinary session is not warranted during a regular session. Accordingly, we cannot say that Supreme Court erred in dismissing the petition.

We have considered petitioners' remaining arguments and find them to be unpersuasive.

MERCURE, CARPINELLO, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the judgment and amended judgment are affirmed, without costs.