In the Matter of RICHARD D. PRIEST, JR., Appellant, v JOE C. MAREANE, as Chief Fiscal Officer for Onondaga County Finance Department, et al., Respondents. [846 NYS2d 518]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered on June 26, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding on January 27, 2006 seeking to compel the municipal respondents (respondents) to deliver to petitioner a tax deed to certain property. According to petitioner, respondents unlawfully refused to perform that ministerial duty by letter dated October 6, 2005. Supreme Court dismissed the petition as an untimely challenge to respondents' administrative determination on or about April 28, 2004, i.e., the permitted redemption of the property following a tax sale. We affirm, but our reasoning differs from that of the court.

We conclude that the petition is not time-barred inasmuch as it does not challenge respondents' determination of April 2004. Rather, the petition was filed on January 27, 2006, within four months of the refusal of respondents in October 2005, upon petitioner's demand, to perform their alleged duty, and thus the proceeding was timely commenced (*see Matter of Bottom v Goord*, 96 NY2d 870, 872 [2001], *motion for clarification denied* 96 NY2d 927 [2001]; *see generally Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999], *lv denied* 94 NY2d 758 [2000]).

We conclude, however, that the petition was properly dismissed inasmuch as petitioner is not entitled to a judgment mandating that respondents deliver a tax deed to the property to him. The extraordinary remedy of mandamus lies only to compel the performance of a ministerial act and only where there exists a clear right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *see also Spring Realty Co. v New York City Loft Bd.*, 69 NY2d 657, 659 [1986], *appeal dismissed* 482 US 911 [1987]). There is no merit to petitioner's allegation that the County violated the explicit mandate of the Onondaga County Tax Act ([Tax Act] L 1937, ch 690, as amended by L 1971, ch 1092) in refusing to deliver a tax deed to petitioner within five years of the tax sale. As owner of the tax sale certificate, petitioner did not timely serve a notice to redeem upon the property owner,

thereby failing to meet an essential condition or requirement for delivery of a tax deed under the Tax Act. In construing the Tax Act, the Court of Appeals has concluded "that a tax certificate holder must give an owner or occupant a six-month notice to redeem, as provided in section 6, and that without such notice there can be no transfer of the property to the tax certificate holder" (*Carney v Philippone*, 1 NY3d 333, 342 [2004], *rearg denied* 2 NY3d 794 [2004]). The Court further concluded that "[a]n owner's right to redeem is limited to two years. Eighteen months into that period, a tax sale purchaser—*before it can request a deed for the property*—must give notice to the owner" (*id.* at 343 [emphasis added]).

We note in addition that section 6 of the Tax Act explicitly provides that "[*i*]*f* the real property described in said notice is *not redeemed* within the time limited[, i.e., the six-month period triggered by timely service of the notice to redeem], the commissioner of finance shall . . . execute and deliver" the tax deed to the owner of the tax sale certificate (emphasis added). Here, respondent Crown Mill Restoration Development, LLC (Crown Mill) in fact redeemed the property by paying the back taxes and other applicable charges within the six-month period specified in petitioner's belatedly served notice to redeem. Although petitioner contends that such redemption was invalid because it did not occur within two years of the tax sale (*see Carney*, 1 NY3d at 339-343), we note that it was petitioner's own delay in serving the notice to redeem after the expiration of the two-year redemption period for owners or three-year redemption period for occupants that occasioned Crown Mill's failure to redeem within those periods. In any event, the issue concerning the propriety of that redemption is not before us, inasmuch as petitioner explicitly challenges only respondents' refusal to deliver a tax deed to him. We thus conclude that petitioner has abandoned a challenge to any earlier administrative determination involving Crown Mill's redemption of the property.

Finally, we note the overarching principle that "statutes authorizing tax sales are to be liberally construed in the owner's favor because tax sales are intended to collect taxes, not forfeit real property" (*id.* at 339). Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.