James B. Nutter & Co. v County of Saratoga (2021 NY Slip Op 04074)





James B. Nutter & Co. v County of Saratoga


2021 NY Slip Op 04074


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

531787
[*1]James B. Nutter & Company, Appellant,
v
County of Saratoga et al., Respondents, et al., Defendants.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

K & L Gates LLP, New York City (Gregory N. Blase of counsel), for appellant.
Michael J. Hartnett, County Attorney, Ballston Spa, for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered May 4, 2020 in Saratoga County, which, among other things, granted a cross motion by defendants County of Saratoga and Stephen M. Dorsey for summary judgment dismissing the complaint against them.
In May 2018, defendant County of Saratoga filed a petition and notice of foreclosure of tax liens on a property over which plaintiff held a mortgage. The County ultimately obtained a judgment of foreclosure in December 2018 awarding it title of the property. Defendant Stephen M. Dorsey, the tax enforcement officer for the County, recorded a deed transferring the property to the County. Plaintiff commenced this action seeking, among other things, to vacate the December 2018 judgment. Following joinder of issue, plaintiff moved for summary judgment. The County and Dorsey (hereinafter collectively referred to as defendants) opposed and cross-moved for summary judgment dismissing the complaint. In a May 2020 order, Supreme Court denied plaintiff's motion and granted defendants' cross motion. Plaintiff appeals. We affirm.
Defendants were required to send the notice of the tax foreclosure proceeding to plaintiff "by certified mail and ordinary first class mail" (RPTL 1125 [1] [b] [i]; see Landing Woods of Ulster, LLC v County of Ulster, 156 AD3d 1009, 1010 [2018]). The record contains documentary evidence demonstrating that the petition and notice of foreclosure were sent via certified mail and first class mail to plaintiff at "4153 Broadway" in Kansas City, Missouri — the address for plaintiff as listed on the mortgage (see RPTL 1125 [b] [1]).[FN1] The record also discloses that neither of these mailings was returned. Accordingly, defendants satisfied their burden of demonstrating that they complied with RPTL 1125.
In opposition thereto, plaintiff submitted, among other things, the tracking information sheet for the certified mailing sent by the County. This sheet indicated that the certified mailing was delivered to an unspecified post office box, as opposed to 4153 Broadway, in Kansas City, Missouri. To that end, plaintiff asserts that a material issue of fact exists as to whether it received notice of the tax foreclosure proceeding. The petition and notice of foreclosure sent to plaintiff, however, "shall be deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States [P]ostal [S]ervice within [45] days after being mailed" (RPTL 1125 [1] [b] [i]; see Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d 1232, 1234 [2013]).[FN2] In view of this clear and explicit language, the Legislature specified what was minimally required of a party attempting to rebut the presumption of service — i.e., proof establishing that both the certified mailing and the ordinary first class mailing were returned. To permit anything less would render this part of RPTL 1125 (1) (b) (i) meaningless. Furthermore, to the extent that this [*2]level of proof leads to inequitable results or imposes an unduly high burden upon a party arguing lack of notice, the Legislature is free to amend RPTL 1125.
That said, although plaintiff's proof established that the certified mailing was delivered to a different address, delivery to a different address is not the same as the certified mailing being returned. As mentioned, there is no indication in the record that both the certified mailing and the first class mailing were returned to defendants. Even if the certified mailing had been returned to defendants, there still was no evidence demonstrating that the first class mailing was returned (see Matter of County of Sullivan [Matejkowski], 105 AD3d 1170, 1171 [2013], appeal dismissed 21 NY3d 1062 [2013]; Lin v County of Sullivan, 100 AD3d 1076, 1078-1079 [2012]). Defendants were therefore entitled to presume that plaintiff had notice of the tax foreclosure proceeding based upon its receipt of the first class mailing.[FN3] In the absence of evidence that both the certified and first class mailings were returned to defendants, the petition and notice of foreclosure were "deemed received" by plaintiff (RPTL 1125 [1] [b] [i]). Consequently, plaintiff failed to raise a material issue of fact regarding whether the County complied with RPTL 1125.
Finally, plaintiff contends that Supreme Court should have exercised its authority to fashion an equitable remedy. Although the court erred in concluding that it lacked the authority to do so, in the absence of any evidence of fraud, misrepresentation, deception or misconduct by defendants, there is no basis to award such relief (see generally Guardian Loan Co. v Early, 47 NY2d 515, 520-521 [1979]).
Garry, P.J., Egan Jr. and Reynolds Fitzgerald, JJ., concur.
Pritzker, J. (dissenting).
I respectfully dissent because it is my opinion that plaintiff established issues of material fact as to the compliance by defendant County of Saratoga and defendant Stephen M. Dorsey (hereinafter collectively referred to as defendants) with the procedural requirements of the foreclosure proceeding (see RPTL art 11). Although I agree with the majority that there was no proof that the relevant mailings were returned to defendants and, as such, were "deemed received" by plaintiff (RPTL 1125 [1] [b] [i]), this is merely a rebuttable presumption (see Lin v County of Sullivan, 100 AD3d 1076, 1079 [2012]). Along this same line, I disagree with the majority that the explicit language of the statute requires plaintiff "to tender proof establishing" that both mailings were returned to the County to rebut this presumption.[FN4] I also disagree that permitting anything less would render that part of RPTL 1125 (1) (b) (i) "meaningless." In fact, precluding such additional proof to rebut the presumption leads to absurd results where, like here, proffered evidence raises core issues of fact as to whether the notices were mailed "to [the] owner," as required by RPTL 1125 (1) (a).
Although "the [plaintiff's] denial of receipt of such notice, alone, is insufficient to rebut [that] presumption" (Wilczak v City of Niagara Falls, 174 AD3d 1446, 1448 [2019] [internal quotation marks and citations omitted]), the additional evidence proffered by plaintiff did so (see Matter of County of Sullivan [Matejkowski], 105 AD3d 1170, 1171 [2013], appeal dismissed 21 NY3d 1062 [2013]). Aside from denial of receipt, plaintiff submitted the tracking information from the United States Postal Service indicating that the certified mailing was delivered to an unspecified post office box, as opposed to plaintiff's address at 4153 Broadway, Kansas City, Missouri, which raises troubling questions of fact that are best resolved at trial.[FN5] Notably, the affidavits of service by mail submitted by the County are inconsistent with this uncontested tracking information.[FN6] Moreover, evidence regarding plaintiff's inquiry and recent payment of the 2018 tax bill, approximately two months prior to the alleged mailing of the required foreclosure proceeding notices, strongly suggests that plaintiff did not intend to forfeit the property (see Law v Benedict, 197 AD2d 808, 810 [1993]), and "statutes authorizing tax sales are to be liberally construed in the owner's favor because tax sales are intended to collect taxes, not forfeit real property" (Carney v Philippone, 1 NY3d 333, 339 [2004] [emphasis added]; accord Matter of Priest v Mareane, 45 AD3d 1474, 1476 [2007], lv denied 10 NY3d 704 [2008]).
Finally, contrary to Supreme Court's finding, plaintiff, whose mailing address is in Missouri, was not afforded sufficient procedural due process because the County filed the tax foreclosure proceeding and published notice of the proceeding in two local newspapers. Under the circumstances, the foregoing was neither reasonably calculated to apprise plaintiff of the pendency of the tax foreclosure proceeding nor did it afford plaintiff an opportunity to present objections (see Landing Woods of Ulster, LLC v County of Ulster, 156 AD3d 1009, 1011 [2017]). As such, it is my opinion that Supreme Court should have denied defendants' cross motion for summary judgment.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Plaintiff does not contend that 4153 Broadway was the incorrect address.

Footnote 2: We note that RPTL 1125 was amended in 2006 to add this language (L 2006, ch 415, § 1). As such, to the extent that plaintiff relies on cases that predate this 2006 amendment, such reliance is unavailing.

Footnote 3: As noted in the legislative materials in support of the 2006 amendment to RPTL 1125, "[i]f the certified mailing is returned within 45 days but the regular mailing is not, the tax district would be entitled to proceed with the foreclosure without making further efforts to notify that party" (New York Bill Jacket, Mem of Joseph K. Gerberg, Esq., L 2006, ch 415). Indeed, requiring notice to be sent both by certified and regular mail was thought to be "an effective and inexpensive way to reduce incidents of non-deliverability" (id.).

Footnote 4: The 2006 amendments to RPTL 1125 codified the decision of the Supreme Court of the United States in Jones v Flowers (547 US 220 [2006]), which held that "the [state's] effort to provide notice [to the plaintiff] of an impending tax sale of his house was insufficient to satisfy due process" (id. at 239; see Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 415). The amendments created additional requirements for notice, in part, to "reduce incidents of non-deliverability" (New York Bill Jacket, Mem of Joseph K. Gerberg, Esq., L 2006, ch 415). Consequently, the amendment's creation of an additional remedial layer of procedural due process for the taxpayer is legislatively inconsistent with the establishment of, as the majority asserts, an irrebuttable presumption against the taxpayer every time mailings are not returned to the sender as undeliverable, no matter where they were mailed in the first place.

Footnote 5: In addition, as indicted by Supreme Court in its decision, the certified mail receipt does not contain an official postmark on it.

Footnote 6: Although it could not be established by United States Postal Service records, a question of fact arises as to whether the regular mailed correspondence met the same fate.