# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 19
James B. Nutter & Company,
  Appellant,
   v.
County of Saratoga et al.,
  Respondents,
et al.,
  Defendants.

Gregory N. Blase, for appellant.
Karla Williams Buettner, for respondents.
Pacific Legal Foundation, amicus curiae.

CANNATARO, A.Ch.J.:

Real Property Tax Law § 1125 (1) (b) directs that notice of commencement of a foreclosure proceeding must be sent both by certified and first class mail to interested parties and that "[t]he notice shall be deemed received unless both the certified mailing and

- 1 -

the ordinary first class mailing are returned by the United States postal service within [45] days after being mailed." On this appeal, we conclude that plaintiff was permitted to raise a question of fact regarding whether the taxing authority complied with the statutory notice requirements contained in section 1125 (1) (b) notwithstanding the absence of evidence that both the certified and first class mailings were returned. We now remit for consideration of that issue.

## I.

In May 2018, defendant Saratoga County commenced an in rem tax foreclosure proceeding, asserting an approximately $9,000 lien against the property at issue, which is located in defendant Town of Galway. The County allegedly mailed, via both certified and first class mail, a copy of the petition, notice of foreclosure and notice of commencement of the tax foreclosure proceeding to plaintiff's address that was listed in the mortgage it held on the property. Although neither the certified nor first class mailing was returned as undeliverable, plaintiff's compliance specialist responsible for receiving tax foreclosure notices averred that no such documents were received. Plaintiff's vice president also swore that, after inquiring with the Town of Galway as to the amount of taxes due on the property, plaintiff was advised of and paid delinquent taxes for 2018, but was not informed that taxes for other years were also delinquent. It is undisputed that, when the Town provided plaintiff with a statement of 2018 County and Town taxes in the amount of $3,309.02, the Town did not inform plaintiff that additional liens remained pending with the County for delinquent taxes due on the property, as the County concedes was required under RPTL

1112 (2) (b).  It is also undisputed that plaintiff did not request a certificate of redemption for all delinquent taxes on the property (*see* RPTL 1112 [3]).

In December 2018, a default judgment in the County's favor was entered in Supreme Court and a deed conveying title of the property to the County was executed.  In May 2019, the County sold the property at auction and a deed was conveyed to defendant Sensible Property Holdings for $142,500.  The property was sold several months later to non-parties for $155,000.  Meanwhile, in July 2019, a judgment of foreclosure and sale was entered in Supreme Court as to the same property in favor of plaintiff in a separate foreclosure action that plaintiff had commenced against its mortgagors in 2015.

Plaintiff then commenced this action seeking vacatur of both the December 2018 default judgment granted to the County and the deeds conveying the property to the County and Sensible Property Holdings.  Following joinder of issue by the County and Town defendants, plaintiff moved for summary judgment against them.  As relevant here, plaintiff alleged that the County "failed to serve upon [it] the tax foreclosure petition," in violation of RPTL 1125.  The County cross-moved for summary judgment dismissing the complaint.  The County submitted affidavits of mailing by certified and first class mail— listing plaintiff's address—and the certified mail receipt, as well as an affidavit from a legal assistant in the Saratoga County Attorney's Office stating that neither the certified mailing nor the first class mailing to plaintiff was returned.  In response to the County's cross motion, plaintiff observed that there was no postmark on the certified mail receipt proffered by the County and argued that the lack of a postmark indicated that the certified letter was not, in fact, brought to the post office.  Plaintiff also submitted a tracking history showing

that the certified mail was delivered to an unknown P.O. Box, rather than to plaintiff's address. Plaintiff contended that the lack of a postmark, the tracking history, and its employee's affidavits confirming that plaintiff did not receive notice created a question of fact as to whether there was compliance with RPTL 1125.

Supreme Court denied plaintiff's motion for summary judgment, granted the County's motion, and dismissed the complaint as against all named defendants. The court concluded that the County established that notice of the tax foreclosure proceeding was provided to plaintiff via the affidavits of mailing and affidavit of the Saratoga County Attorney employee that no mailings were returned.

Upon plaintiff's appeal, the Appellate Division affirmed (195 AD3d 1359 [3d Dept 2021]). The Court concluded that the evidence of certified and first class mailing to plaintiff's address, along with proof that the mailings were never returned, established compliance with RPTL 1125 (*id.* at 1360). The Court held that "the presumption of service" set forth in the statute could be rebutted only by "proof establishing that both the certified mailing and the ordinary first class mailing were returned" (*id.*) and, absent such proof, plaintiff *could not* "raise a material issue of fact regarding whether the County complied with RPTL 1125" (*id.* at 1361). A dissenting Justice would have held that an interested party need not tender proof establishing that both mailings were returned to the taxing authority in order to create an issue of fact and that, here, plaintiff submitted sufficient evidence to create a factual question regarding whether the required notices were properly mailed (*id.* at 1361-1362 [Pritzker, J., dissenting]).

This Court granted plaintiff's subsequent motion for leave to appeal (38 NY3d 901 [2022]).

II.

The critical statutory language at issue in this case is contained in RPTL 1125 (1) (b) (i), which states that the required "notice shall be sent to each [interested] party both by certified mail and ordinary first class mail" and "*shall be deemed received* unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within [45] days after being mailed" (emphasis added).

Three principles guide our analysis of this provision. First, as with all matters of statutory interpretation, "our goal is to give force to the intent of the Legislature and we therefore begin with the plain text—'the clearest indicator of legislative intent'" (*Lubonty v U.S. Bank N.A.*, 34 NY3d 250, 255 [2019], quoting *Majewski v Broadalbin–Perth Cent. Sch. Dist.*, 91 NY2d 577, 583 [1998]). Thus, "[a]s we have repeatedly explained, 'courts should construe unambiguous language to give effect to its plain meaning'" (*Kuzmich v 50 Murray St. Acquisition LLC*, 34 NY3d 84, 91 [2019], *cert denied* ___ US ___, 140 S Ct 904 [2020], quoting *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). Second, "[w]hen a statute is part of a broader legislative scheme, its language must be construed 'in context and in a manner that harmonizes the related provisions and renders them compatible'" (*Matter of Kosmider v Whitney*, 34 NY3d 48, 55 [2019], quoting *Matter of M.B.*, 6 NY3d 437, 447 [2006]). That is, "a statute must be construed as a whole and . . . its various sections must be considered with reference to one another" (*Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d

106, 120 [2012]). Finally, "statutes authorizing tax sales are to be liberally construed in the owner's favor because tax sales are intended to collect taxes, not forfeit real property" (*Carney v Philippone*, 1 NY3d 333, 339 [2004]).

By its unambiguous terms, RPTL 1125 (1) (b) (i) relates to whether notice will be "deemed received," not whether the taxing authority has complied with the statutory mailing requirements. Although the taxing authority must ensure that "[a]n affidavit of mailing of such notice [is] executed" (*id.* at 1125 [3] [a]), the statute expressly provides that "[t]he failure of an intended recipient to receive any such notice shall not invalidate any tax or prevent the enforcement of the same as provided by law" (*id.* at 1125 [3] [b]). It is only when both the certified mailing and the first class mailing are returned that the statute requires the taxing authority to take additional action beyond the requirements set forth in RPTL 1125 (1) (b) (i).[1]

That is not the end of the analysis, however, in cases where the interested party argues, as plaintiff does here, that the taxing authority failed to comply with the mailing requirements set forth in RPTL 1125 (1) (b) (i). Contrary to the Appellate Division

---

[1] To the extent plaintiff argues that it should be able to establish that it did not actually receive notice—as opposed to establishing that the County did not comply with RPTL 1125 (1) by providing it with the required notice—plaintiff's argument is unpreserved. Nor has plaintiff advanced any claims separate from its statutory argument that the County failed to satisfy its obligations under the state and federal constitutional guarantees of due process requiring that plaintiff be provided with "'notice reasonably calculated, under all the circumstances, to apprise'" it of the foreclosure action (*Kennedy v Mossafa*, 100 NY2d 1, 9 [2003], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]), distinguishing this case from our recent decision in *Hetelekides v County of Ontario* (___ NY3d ___, 2023 NY Slip Op 00803 [2023]).

decision, RPTL 1125 (1) (b) (i) contains no "presumption of service" (195 AD3d at 1360). Nor does section 1125 (1) (b) (i) bar an interested party from submitting evidence that would call the taxing authority's compliance with its requirements into issue or limit the proof an interested party may use to raise an issue of fact with respect to that compliance only to evidence that both the certified and first class mailings were returned. Courts "may not create a limitation that the legislature did not enact" (*Matter of Theroux v Reilly*, 1 NY3d 232, 240 [2003]). Thus, although the statute contains no requirement of actual notice and evidence of the failure to receive notice is, by itself, insufficient to demonstrate noncompliance (*see* RPTL 1125 [3] [b]), an interested party may create a factual issue as to whether the taxing authority has complied with the requirements of RPTL 1125 (1) (b) by other relevant proof, despite the taxing authority's submission of the "affidavit[s] of mailing" mandated by section 1125 (3) (a) and evidence that no mailings were returned.

Here, the Appellate Division confined its inquiry to whether plaintiff created a question of fact through evidence that both the certified and first-class mailings were returned. However, an interested party may also meet its burden of establishing that the taxing authority "did not substantially comply with the requirement of providing the taxpayer with proper notice of the foreclosure proceeding" by other means such as, for example, demonstrating deficiencies in the affidavits of mailing (*Matter of County of Seneca [Maxim Dev. Group]*, 151 AD3d 1611, 1614 [4th Dept 2017]; *see Kennedy v Mossafa*, 100 NY2d 1, 8 [2003] ["The tax debtor has the burden of affirmatively establishing a jurisdictional defect or invalidity in the tax or the foreclosure proceedings"]).

This interpretation is consistent not only with the statutory language, but also with the objectives and purposes of the legislature in enacting the current version of RPTL 1125. In 2006, the legislature amended the statute to bring it into compliance with *Jones v Flowers* (547 US 220 [2006]) by imposing more stringent notice requirements. In *Jones*, the Supreme Court emphasized that "[d]ue process does not require that a property owner receive actual notice before the government may take [the owner's] property" (*id.* at 226). The Court held, however, that "when the government learns its attempt at notice has failed, due process requires the government to do something more before real property may be sold in a tax sale" (*id.* at 227). The Court declined to prescribe any particular form of notice (*see id.* at 238) and, thus, the legislature amended RPTL 1125 (1) to clarify what notice is required in New York (*see* Senate Sponsor Mem, Bill Jacket, L 2006, ch 415, at 4). Specifically, the legislature added the requirement that notice be sent by certified mail, in addition to the first-class mailing mandated before the 2006 amendment; if both mailings are returned within 45 days, the taxing authority is required to "attempt to obtain an alternative mailing address from the United States postal service" and mail to that address or post notice on the property if no alternative address can be found (RPTL 1125 [1] [b] [ii], [iii]). The amendment was intended to "build[] upon current procedures and detail[] steps to be taken to supplement mailed notice that is returned as undeliverable or other ineffective notice" (*see* Senate Sponsor Mem, Bill Jacket, L 2006, ch 415, at 5).

The parties here agree that, prior to the 2006 amendment, an interested party could raise questions of fact regarding whether the proper notice procedure was followed by presenting "evidence which would cast doubt on the mailing of the notice to the property

address" (*Law v Benedict*, 197 AD2d 808, 810 [3d Dept 1993]). Absent any inconsistent language in the statute, it would be incongruous to read the 2006 amendment of RPTL 1125 as eliminating this preexisting defense through a statutory amendment that was meant to "build[] upon current procedures" to provide interested parties with additional protections (Senate Sponsor Mem, Bill Jacket, L 2006, ch 415, at 5; *see Gletzer v Harris*, 12 NY3d 468, 475 [2009] ["As to legislative intent, we note that a statute should be construed in light of the problem to be cured and the event that prompted its enactment"]).

This reading of RPTL 1125 (1) (b) is also consistent with the remaining provisions RPTL article 11, with which it must be harmonized. In particular, construed in the context of RPTL 1134 and 1137, RPTL 1125 (1) (b) must be interpreted to permit an interested party to demonstrate that a taxing authority has not complied with the statutory mailing requirements.

RPTL 1134 and 1137 provide an opportunity to challenge the validity of any aspect of a tax foreclosure, including any notice required by the RPTL, for two years after the deed from the tax sale has been recorded. RPTL 1134 states that "[i]t shall not be necessary for the tax district to plead or prove the various steps, procedures and notices for the assessment and levy of the taxes or other lawful charges against the parcels of real property set forth in the petition and all such taxes or other lawful charges and the lien thereof shall be presumed to be valid." However, the statute further provides that "[a] respondent alleging *any jurisdictional defect or invalidity* in the tax, or *in the proceeding for the enforcement thereof*, must particularly specify in his or her answer such jurisdictional defect or invalidity and must affirmatively establish such defense" (*id.* [emphasis added]).

It would not be necessary for the statute to set forth the burdens of proof or provide that invalidity of notice is an affirmative defense if there were no opportunity to challenge compliance with the statutory mailing requirements.

RPTL 1137 further provides that "[e]very deed given pursuant to the provisions of this article shall be presumptive evidence that the proceeding and all proceedings therein and all proceedings prior thereto from and including the assessment of the real property affected and *all notices required by law were regular and in accordance with all provisions of law relating thereto*" (emphasis added). That presumption does not become "conclusive" until two years after the recording of deed (*id.*). On its face, RPTL 1137 acknowledges the existence of a presumption that all notices required by law were provided in accordance with the statute—there is no exception for the notices required by RPTL 1125 (1) (b). However, section 1137 makes clear that the presumption of compliance does not become "conclusive" for two years.

Reading RPTL 1125, 1134 and 1137 together reinforces the conclusion that compliance with the statutory mailing requirements may be challenged during the two-year period following the recording of the deed after the tax sale (*id.* § 1137) even if the taxing authority has submitted the required affidavits of mailing (*id.* § 1125 [3] [a]) and evidence that the mailings were not returned (*id.* § 1125 [1] [b] [i]). Moreover, an interested party may establish, under RPTL 1134, any defect in notice affecting the validity of the enforcement proceeding, subject to the two-year limitations period contained in RPTL 1137.

In sum, construing the foregoing provisions "liberally . . . in the owner's favor" (*Carney*, 1 NY3d at 339), an interested party is permitted to establish that a taxing authority failed to comply with the notice requirements set forth in RPTL 1125 (1) (b), even when the taxing authority submits proof that notice that was allegedly sent by both certified and first class mail is not returned.

III.

Here, the Appellate Division majority did not address the question of whether, on this record, a triable issue of fact exists as to the County's compliance with the requirements of RPTL 1125 (1) (b) because the Court concluded that review of the issue was barred in the absence of evidence that the certified and first class mailings were returned. Inasmuch as an interested party may create a factual question regarding a taxing authority's noncompliance through other evidence that the notices were not properly mailed, we remit for consideration of the issue. Plaintiff failed to preserve its remaining argument.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that Court.

Order reversed, with costs, and case remitted to the Appellate Division, Third Department, for consideration of issues raised but not determined on the appeal to that Court. Opinion by Acting Chief Judge Cannataro. Judges Rivera, Garcia, Wilson, Singas and Troutman concur.

Decided March 21, 2023