James B. Nutter & Co. v County of Saratoga (2023 NY Slip Op 02148)

James B. Nutter & Co. v County of Saratoga

2023 NY Slip Op 02148

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

531787
[*1]James B. Nutter & Company, Appellant,
v
County of Saratoga et al., Respondents, et al., Defendants.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

K & L Gates LLP, New York City (Gregory N. Blase of counsel), for appellant.
Michael J. Hartnett, County Attorney, Ballston Spa, for County of Saratoga and another, respondents.

Pritzker, J.
Appeal (upon remittal from the Court of Appeals) from an order of the Supreme Court (Ann Crowell, J.), entered May 4, 2020 in Saratoga County, which, among other things, granted a cross-motion by defendants County of Saratoga and Stephen M. Dorsey for summary judgment dismissing the complaint against them.
The facts are set forth in the Court of Appeals' decision reversing our decision in this matter (___ NY3d ___, 2023 NY Slip Op 01469 [2023], revg 195 AD3d 1359 [3d Dept 2021]). Briefly, this Court, with one justice dissenting, affirmed Supreme Court's order, which, as relevant here, granted the cross-motion for summary judgment by defendants County of Saratoga and Stephen M. Dorsey (hereinafter collectively referred to as defendants) (195 AD3d at 1361). At issue was whether defendants sent the notice of the tax foreclosure proceeding in compliance with the requirements set forth in RPTL 1125 (1) (b) (i). A majority of this Court found that defendants carried their summary judgment burden by demonstrating compliance with the relevant portion of RPTL 1125 when they mailed the notice to plaintiff by certified and ordinary first class mail and that plaintiff failed to raise an issue of fact because it did not establish that both the certified mailing and the ordinary first class mailing were returned (id. at 1360). One justice dissented on the basis that the "deemed received" language of RPTL 1125 (1) (b) (i) creates "merely a rebuttable presumption" and that plaintiff established issues of material fact as to defendants' compliance with the statute (id. at 1361 [Pritzker, J., dissenting]).The Court of Appeals reversed and held that plaintiff could raise a factual question of defendants' noncompliance with RPTL 1125 (1) (b) (i) "through other evidence that the notices were not properly mailed" (2023 NY Slip Op 01469 at *4-5). The Court of Appeals remitted the matter for consideration of that issue and, upon doing so, we modify by denying defendants' motion for summary judgment.
To that end, in its decision reversing this Court's prior decision, the Court of Appeals held that, "in cases where the interested party argues . . . that the taxing authority failed to comply with the mailing requirements set forth in RPTL 1125 (1) (b) (i)," the statute does not "bar an interested party from submitting evidence that would call the taxing authority's compliance with its requirements into issue or limit the proof an interested party may use to raise an issue of fact with respect to that compliance only to evidence that both the certified and first class mailings were returned" (id. at *3). In fact, "although the statute contains no requirement of actual notice and evidence of the failure to receive notice is,by itself, insufficient to demonstrate noncompliance, an interested party may create a factual issue as to whether the taxing authority has complied with the requirements of RPTL 1125 (1) (b) by other relevant proof, despite the taxing authority's submission [*2]of the 'affidavit[s] of mailing' mandated by section 1125 (3) (a) and evidence that no mailings were returned" (id. [internal citation omitted]).
Here, there is no dispute that defendants have established "prima facie entitlement to judgment as a matter of law" (Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1328 [3d Dept 2020] [internal quotation marks and citations omitted]), thus, the question distills to whether plaintiff rebutted defendants' prima facie case (see id. at 1329). In that regard, plaintiff submitted an affidavit wherein its compliance specialist responsible for receiving tax foreclosure notices averred that no such documents were received. Plaintiff also proffered a tracking history which showed that the certified mail was delivered to an unknown post office box, rather than to plaintiff's address. Additionally, plaintiff indicated that the certified mail receipt proffered by defendants lacked a postmark, which plaintiff argued demonstrated that the certified letter was not actually brought to the post office. This direct evidence creates issues of fact regarding receipt. Circumstantial evidence also supports the existence of material issues of fact as to receipt.[FN1] To that end, although not dispositive, evidence that plaintiff had filed a foreclosure action over a year before commencement of the tax foreclosure proceeding, filed two lis pendens, obtained a judgment of foreclosure and sale and, perhaps most significantly, voluntarily attempted to pay in full the amount of back taxes owed, but was given the wrong amount by defendant Town of Galway,[FN2]
is strong circumstantial evidence that it did not receive the notice or it would have paid the taxes.
Although we are aware that, on its own, failure to receive notice is insufficient to defeat summary judgment (see James B. Nutter & Co. v County of Saratoga, 2023 NY Slip Op 01469 at *3), such failure, when combined with other evidence, can support a reasonable inference that defendants failed to comply with the mailing requirements of RPTL 1125 (1) (b) (i). This is so because, on the facts present here, if the notices were not received, there are only two real possibilities — either the procedure used by defendant County of Saratoga failed to comply with RPTL 1125 (1) (b) (i) inasmuch as the wrong address was affixed, or the United States Postal Service made an error. When viewed in conjunction with the further facts that the certified mail tracking history indicated an unknown address and that the return receipt was unstamped, it is reasonable to infer, together with the additional evidence of nonreceipt, that the notices were not correctly mailed and that the County failed to comply with the requirements of RPTL 1125 (1) (b) (i).[FN3] Moreover, while the fact that the regular mail was not returned supports defendants' prima facie case that it was properly delivered, this does not in and of itself negate plaintiff's proof rebutting same. Additionally, given that the tracking [*3]information indicated nondelivery to plaintiff and the failure of plaintiff to receive the notices, it is a reasonable inference that the regular mailing was, like the certified mailing, improperly addressed. The affidavits of service proffered by defendants do little to change this conclusion, particularly when viewing the evidence in the light most favorable to plaintiff, the nonmoving party, and according it "the benefit ofevery reasonable inference that can be drawn therefrom" (Myers v Home Energy Performance by Halco, 188 AD3d at 1329 [internal quotation marks and citations omitted]; see Herling v Callicoon Resort Lodges, Inc., ___ AD3d ___, ___, 2023 NY Slip Op 01343, *2 [3d Dept 2023]). Heeding the wisdom of the Court of Appeals, " 'statutes authorizing tax sales are to be liberally construed in the owner's favor because tax sales are intended to collect taxes, not forfeit real property' " (James B. Nutter & Co. v County of Saratoga, 2023 NY Slip Op 01469 at *3, quoting Carney v Philippone, 1 NY3d 333, 339 [2004]). Accordingly, defendants' cross-motion for summary judgment must be denied.
Garry, P.J., and Reynolds Fitzgerald, J., concur.
Aarons, J. (dissenting).
As the majority notes, the facts are set forth in the Court of Appeals' decision reversing our decision in this matter (___ NY3d ___, 2023 NY Slip Op 01469 [2023], revg 195 AD3d 1359 [3d Dept 2021]). The Court of Appeals held that, when assessing whether plaintiff raised an issue of fact, a majority of this Court erroneously confined its inquiry to whether the certified and the first-class mailing were returned to defendants County of Saratoga and Stephen M. Dorsey (hereinafter collectively referred to as defendants) (2023 NY Slip Op 01469 at *3). Because plaintiff could have raised an issue of fact "through other evidence that the notices were not properly mailed" (id. at
*4-5), the Court of Appeals remitted the matter for consideration of that issue. Because we disagree that plaintiff discharged its burden, we would affirm and, therefore, respectfully dissent.
The other evidence that plaintiff relies upon to raise an issue of fact is the tracking information showing that the certified mailing was delivered to an unspecified post office box, as opposed to plaintiff's address, as well as affidavits from plaintiff's employees attesting that the notice of the foreclosure proceeding was never received. With this proof, plaintiff essentially argues that it never received the notice of foreclosure proceeding and that it did not have actual notice of such proceeding. The Court of Appeals, however, noted that RPTL 1125 "contains no requirement of actual notice and evidence of the failure to receive notice is, by itself, insufficient to demonstrate noncompliance" with the statute (id. at *3; see Lin v County of Sullivan, 100 AD3d 1076, 1079 [3d Dept 2012]). This is why, in our view, plaintiff failed to raise an issue of fact — its arguments and proof are premised primarily, if not [*4]entirely, on the notion that it did not receive the pertinent mailings.
Critically, the proof relied upon by plaintiff does not show that defendants failed to send the notices in accordance with the affidavits of service nor does plaintiff specify any deficiencies in those affidavits of service (compare Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1613-1614 [4th Dept 2017]). That said, plaintiff does not assert that defendants wrote the incorrect address for the certified mailing. The fact that the United States Postal Service (hereinafter USPS) ultimately delivered the certified mailing to an address different than what was labelled is not an error attributable to defendants.
Plaintiff notes that the certified mailing receipt lacked an official postmark from the USPS. To the extent that plaintiff contends that an issue of fact exists as to whether the certified mailing was actually brought to the post office, the number on the receipt matches the number on the USPS tracking sheet, thus indicating that the certified mailing was given to the USPS. Furthermore, the date of the mailing is written on the certified mailing receipt (compare TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258 [3d Dept 2014]), which corresponds to the date in the pertinent affidavit of service and the date the USPS took custody of the certified mailing per the tracking sheet.
Plaintiff further argues that defendants failed to check the tracking information for the certified mailing during the course of the foreclosure proceeding. Additional steps, however, beyond the commands of RPTL 1125 (1) (b) (i) are required "only when both the certified mailing and the first class mailing are returned" (James B. Nutter & Co. v County of Saratoga, 2023 NY Slip Op 01469 at *3; see Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1207 [3d Dept 2014]). Given that neither mailing was returned to defendants, it was not incumbent upon them to check the tracking information for the certified mailing.
For these reasons, even when viewing the evidence in the light most favorable to plaintiff, we would affirm the order insofar as it granted defendants' cross-motion for summary judgment.
Egan Jr., J., concurs.
ORDERED that the order is modified, on the law, with costs, by reversing so much thereof as granted the cross-motion of defendants County of Saratoga and Stephen M. Dorsey for summary judgment; cross-motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: Bearing in mind that circumstantial evidence is no less probative than direct evidence, a prima facie case can be rebutted by reasonable inferences derived from direct or circumstantial evidence (see Gurfein Bros. v Hanover Ins. Co., 248 AD2d 227, 229 [1st Dept 1998]).

Footnote 2:Here, contextually, the Town misled plaintiff as to the amount of taxes due and defendant County of Saratoga obtained over $130,000 more than the amount of the tax lien, which was an approximately $9,300 tax lien, that plaintiff tried to pay.

Footnote 3: As noted by Judge Rivera at oral argument before the Court of Appeals, "[s]o what else would [plaintiff] have had to have shown . . . to have come up with [a] triable issue of fact?" (Tr of oral argument at Ct of Appeals, Feb. 8, 2023, at *11).